```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

LINTON JOSEPH HIGGINBOTHAM                          CIVIL ACTION

VERSUS                                              NO: 04-2033

BURL CAIN                                           SECTION: R(5)

## ORDER AND REASONS

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, if necessary, and submitting proposed findings of fact and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Before the Court are petitioner's objections to the magistrate judge's report and recommendation.  Having reviewed *de novo* the petition, the record, the applicable law, the report and recommendation of the United States Magistrate Judge, and the petitioner's objections to the report and recommendation, the Court finds that the petition should be dismissed with prejudice.

**I.   FACTUAL BACKGROUND**

Petitioner Linton Joseph Higginbotham[1] is a prisoner at the Louisiana State Penitentiary in Angola, Louisiana.  The following background facts are taken from the Louisiana First Circuit Court of Appeal's opinion on direct appeal of petitioner's conviction for simple rape and simple kidnapping.  (*See* State rec., vol. 4, at 811-23).

On the night of October 2, 1997, the victim went to a bar in Houma, Louisiana, to apply for a job as a bartender.  Later that night, she had several alcoholic drinks at the bar with two friends.  After several hours, the group went to another bar, Kathy Shaw's, where the victim had several more drinks.  Before they left Kathy Shaw's, each of the victim's companions separately offered her a ride home, which she declined, saying that she would call a taxi.  The victim called for a taxi at about 1:30 a.m., after all of the other customers had left Kathy Shaw's.  While she waited for the taxi, the victim helped the bartender, Vicki Doss, stock the bar with beer.  When they heard

---

[1] The magistrate judge noted that petitioner's last name was spelled in two different ways at various points in the state court proceedings.  The magistrate judge opted to use the spelling Higgenbotham, as used by petitioner in certain of his *habeas* filings.  In his objections to the magistrate judge's report and recommendation, petitioner states that the correct spelling is Higginbotham.

a car pull up outside, Doss and the victim went to the door. Doss asked the driver if he had come for the victim. The driver responded affirmatively, and the victim got into the car, which was occupied by petitioner and Timothy Argo.

When the victim gave petitioner her address, he replied that he had to take the other passenger home first. The victim became nervous when the car pulled up to a house, and petitioner and Argo got out and walked to the front of the house. After she rolled the window down and said she needed to go home, petitioner and Argo dragged her from the car and into one of the bedrooms of the house, where they raped her several times.

Throughout the ordeal, the victim was crying, shaking, and pleading with the men not to kill her. The men told her to shut up and threatened to hurt her if she screamed or tried to get away. The victim finally was allowed to dress, and she was then taken several blocks away by car and released. She went to a nearby apartment where she was allowed to use a telephone to summon help. The victim later identified petitioner and Argo in photographic lineups as the men who raped her.

## II.   PROCEDURAL HISTORY

Petitioner was charged by grand jury indictment with aggravated rape and aggravated kidnapping. On June 30, 1999, a jury found petitioner guilty of simple rape and simple

kidnapping, which were responsive verdicts to the charged offenses.  On August 16, 1999, the trial court found petitioner to be a habitual offender and sentenced him to life imprisonment without parole on the rape conviction and 12 years imprisonment without parole on the kidnapping conviction.  (*See* State rec., vol. 1, at 28-31).

Petitioner appealed both his simple rape and simple kidnapping convictions.  On November 3, 2000, the Louisiana First Circuit Court of Appeal affirmed petitioner's convictions, his habitual offender adjudication, and his sentence on the simple rape conviction, but vacated his 12-year sentence for simple kidnapping and remanded the case to the trial court for resentencing on that count. (*See* State rec., vol. 1, at 90-95; vol. 4, at 811-23).  On November 16, 2001, the Louisiana Supreme Court denied petitioner relief with respect to both the simple rape and simple kidnapping convictions, as well as his habitual offender adjudication.  *See State v. Higginbotham*, 802 So. 2d 621 (La. 2001).  On March 6, 2002, the state trial court resentenced petitioner to five years imprisonment on the kidnapping conviction, to run consecutively to his life sentence on the rape conviction.  (*See* State rec., vol. 4, at 916).

Petitioner filed an application for post-conviction relief with the state trial court on June 26, 2002.  The trial court

4

denied petitioner relief with written reasons on August 21, 2002. (*See* State rec., vol. 4, at 1145-53).  The First Circuit Court of Appeal denied petitioner's claims on December 3, 2002, and, on June 2, 2003, denied petitioner's request for rehearing.  (*See* State rec., vol. 4, at 1100, 1114).  The Louisiana Supreme Court denied petitioner's writ application on June 18, 2004.  *State ex rel. Higginbotham v. State*, 876 So. 2d 797 (La. 2004).

Petitioner filed this federal *habeas* petition on August 11, 2004, asserting a variety of claims for relief, including that (i) the state allowed the victim to present perjured testimony; (ii) there was insufficient evidence to support his convictions for simple rape and simple kidnapping; (iii) he was denied effective assistance of counsel at trial; (iv) the trial court erred in instructing the jury that it could return a responsive verdict of simple rape; and (v) his life sentence on the rape conviction is unconstitutionally excessive.  On April 28, 2005, the magistrate judge issue a report and recommendation on petitioner's *habeas* claims.  The magistrate judge recommended that the petition be dismissed with prejudice.  (*See* Rec. doc. 6).

**III. DISCUSSION**

    **A.  Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996

prohibits a federal *habeas* court from granting a state prisoner's application for a writ of *habeas corpus* with respect to claims adjudicated on the merits in state court unless the state-court adjudication resulted in a decision that (1) was contrary to, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  *See* 28 U.S.C. § 2254(d).  A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *See Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).  A state court decision involves an unreasonable application of federal law if the state court unreasonably applies the correct governing legal principle to the facts of the prisoner's case.  *See Williams*, 529 U.S. at 412; *Hill*, 210 F.3d at 485.  The state court's findings of fact are entitled to a presumption of correctness, and they can be rebutted only by clear and convincing evidence.  *See* 28 U.S.C. § 2254(e)(1).

**B.   Analysis**

   1.   *Perjured Testimony*

Petitioner first claims that the state violated his due process rights by allowing the victim to present perjured testimony at his trial.  Petitioner identifies a number of purported inconsistencies in the testimony presented at his trial and asserts that those inconsistencies establish that the state made use of perjured testimony at his trial.

In *Napue v. Illinois*, 360 U.S. 264, 271 (1969), the Supreme Court held that a prosecutor's knowing use of, or deliberate failure to correct, perjured testimony violates a defendant's Fourteenth Amendment due process rights.  To prevail on a *Napue* claim, a petitioner must show (i) that false testimony was presented at his trial; (ii) that the prosecution knew that the testimony was false; and (iii) that the testimony was material. *See United States v. Webster*, 392 F.3d 787, 801 (5th Cir. 2004).

   The state *habeas* court denied petitioner's claim on the ground that he failed to present any evidence that the prosecution knowingly allowed the use of perjured testimony at trial.  (*See* State rec., vol. 4, at 1149).  The magistrate judge also considered the inconsistencies identified by petitioner and concluded that they did not establish a *prima facie* claim under *Napue*.  The magistrate judge first found that a number of the

purported inconsistencies identified by petitioner were immaterial and that, in any event, the mere existence of conflicting testimony did not establish that any of the testimony was false. (*See* Rec. doc. 6, at 9-10). The magistrate judge also agreed with the state *habeas* court's conclusion that petitioner had presented no evidence to show that the State was aware of any false testimony. (*See id.* at 10-11).

Petitioner objects to the magistrate judge's recommendation on the ground that the inconsistencies he points to amount to perjury. Petitioner also argues that the magistrate did not take into account the cumulative effect of the false testimony. Having considered petitioner's objections, the Court finds that state court did not unreasonably apply federal law in denying petitioner's claim. First, the magistrate was correct in finding that mere discrepancies in the evidence at trial do not establish that the prosecution used false testimony. *See United States v. Haese*, 162 F.3d 359, 365 (5th Cir. 1998). The Court also notes that a number of the alleged discrepancies that petitioner relies on are not even necessarily inconsistent. For example, petitioner asserts that the victim's statement that petitioner and her other assailant grabbed her by the hair and the arm must be false because the victim's medical examination revealed no cuts, bruises or abrasions. That the victim had no cuts or

bruises does not, however, affirmatively establish that the victim was not grabbed by the hair or the arm.  Accordingly, petitioner has not shown that statement to be false.  Finally, the magistrate judge was also correct that petitioner failed to make any showing that the prosecution knowingly allowed false testimony to be used.

Nor did the magistrate judge err in failing to consider the cumulative effect of these supposed inconsistencies.  Petitioner has not satisfied his burden of showing *any* error under *Napue*, let alone cumulative error.  *See United States v. Moye*, 951 F.2d 59, 63 n.7 (5th Cir. 1992) ("Because we find no merit to any of Moye's arguments of error, his claim of *cumulative* error must also fail.").  Accordingly, the state court did not unreasonably apply federal law in denying petitioner's claim.

    2.   *Sufficiency of the Evidence*

Petitioner makes two claims related to the sufficiency of the evidence at his trial.  He first argues that the evidence was insufficient to support his rape conviction because there was no physical evidence that the victim was raped.  Petitioner also asserts that the evidence was insufficient to support his kidnapping conviction because there was no physical evidence to support the victim's testimony that she was forcibly dragged from the car to the house.  Each of these claims was rejected by the

9

state courts. (*See* State rec., vol. 4, at 812-13, 816). The magistrate judge recommended that these claims be dismissed because the victim's testimony, if believed by the jury, was sufficient to establish the elements of both the rape and kidnapping charges. (*See* Rec. doc. 6, at 21, 39-40). Petitioner objects to the magistrate's recommendation on the ground that the victim's testimony was not credible and could not, therefore, support his convictions.

Petitioner's challenges to the credibility of the victim's testimony misapprehend the nature of this Court's inquiry. When considering a *habeas* challenge to the sufficiency of the evidence, the Court must determine only whether the state court unreasonably applied federal law in determining that, "viewing the evidence in the light most favorable to the prosecution, [a] rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In making this determination, the Court must resolve all credibility issues in favor of the prosecution. *See Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir. 2005) (citing *United States v. Cyprian*, 197 F.3d 736, 740 (5th Cir. 1999)). Applying this standard of review, the magistrate judge correctly found that the testimony of the victim could be sufficient to support petitioner's convictions, even in the absence of

corroborating physical evidence.  *See Peters v. Whitley*, 942 F.2d 937, 941-42 (5th Cir. 1991).  The Court therefore finds that the state courts did not err in finding that there was sufficient evidence in the record to support petitioner's convictions.

       3.   *Ineffective Assistance of Counsel*

Petitioner next argues that he was denied the effective assistance of counsel because his attorney did not adequately impeach the victim and certain other witnesses at his trial.  As examples of this deficiency, petitioner asserts that his counsel wholly failed to examine two witnesses called by his co-defendant, Dr. Randell Lillich and Nurse Amy Lea.  Petitioner also argues that his counsel did not adequately cross-examine the victim about supposed inconsistent statements.

In order to succeed on a claim for ineffective assistance of counsel, the petitioner must show both that counsel's performance was deficient and that the deficiency affected his defense.  *See United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).  The requisite deficiency will be found only when counsel's performance is objectively unreasonable.  *See id.* (quoting *United States v. Acklen*, 47 F.3d 739, 742 (5th Cir. 1995)).

The state *habeas* court denied petitioner's claims because he did not establish what additional testimony his counsel should

11

have elicited from Dr. Lillich or Ms. Lea and because petitioner's counsel had adequately cross-examined the victim on the perceived inconsistencies in her story. (*See* State rec., vol. 4, at 1146-48). The magistrate judge agreed with the state court's findings. (*See* Rec. doc. 6, at 22-28).

Petitioner's objections to the magistrate judge's recommendation on this issue essentially restate the very arguments that the state court and the magistrate judge found unpersuasive. This Court finds nothing in the record that would require a conclusion contrary to that reached by the state *habeas* court, and, accordingly, the Court finds that the state court did not unreasonably apply federal law in denying petitioner's ineffective assistance of counsel claim.

    4.   *Simple Rape Jury Instruction*

Petitioner claims that the trial court erred in instructing the jury that it could return a responsive verdict of simple rape because the evidence at trial did not support a verdict of simple rape. Petitioner's argument rests on his assertion that, at the time of his arrest, the statutory definition of simple rape excluded cases in which the victim could not lawfully consent because of voluntary intoxication.

On direct appeal, the Louisiana First Circuit Court of Appeal found that petitioner was procedurally barred from

12

challenging the responsive verdict of simple rape because he did not object to the trial court's jury instruction on the responsive verdict of simple rape. (*See* State rec., vol. 4, at 813-17 (citing *State ex rel. Elaire v. Blackburn*, 424 So. 2d 246, 252 (La. 1982) (absent contemporaneous objection, defendant cannot attack sufficiency of responsive verdict, provided that evidence supports the charged offense))). The state appellate court also held, in the alternative, that the evidence was sufficient to support a verdict of simple rape and that petitioner's argument that the statutory definition of simple rape excluded cases in which the victim was voluntarily intoxicated was based on a misreading of the statute defining the offense. (*See* State rec., vol. 4, at 817-19). The magistrate judge found that petitioner's procedural default under state law barred the federal courts from reviewing the merits of his claim. (*See* Rec. doc. 6, at 34-38). The magistrate judge also agreed with the state court that petitioner's claim failed on the merits. (*See id.* at 28-34).

    A federal court will not ordinarily review the decision of a state court when the state court decision is based on a state law ground that is both independent of the federal claim and adequate to support the state court's decision. *See Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995). This rule bars federal review of

13

a procedural default only when the state court clearly and expressly indicates that its judgment rests on a state procedural ground. *Id.* Here, the magistrate judge correctly found that the last reasoned state court decision to consider petitioner's claim, the decision of the Louisiana First Circuit Court of Appeal, held that petitioner was procedurally barred from challenging the sufficiency of the evidence on a lesser, responsive charge because he did not contemporaneously object to the trial court's jury instruction on the responsive charge. (*See* Rec. doc. 6, at 28-38).

Petitioner does not deny that he did not timely object to the jury instruction on simple rape. He instead argues that his procedural default should not bar his claim here because he has shown both cause for the default and that the failure to review his claim would result in a miscarriage of justice. *See Amos*, 61 F.3d at 339. Petitioner fails utterly to explain, however, how he has shown cause for the default or how the failure to review his claim would result in a miscarriage of justice. In the absence any such explanation, the Court finds that consideration of this claim is barred by petitioner's procedural default.

In any event, as the Louisiana First Circuit Court of Appeal explained, petitioner's claim that the evidence did not support a verdict of simple rape rests on a misreading of the Louisiana

14

simple rape statute.  (*See* State rec., vol. 4, at 817-20).  Thus, even were this claim not procedurally barred, the Court would find, as did the magistrate judge, that the state court's determination that the evidence was sufficient to support a responsive verdict of simple rape was not an unreasonable application of federal law.[2]

     5.   *Excessive Sentence*

Petitioner's final claim is that his life sentence on the simple rape conviction was unconstitutionally excessive.  The Louisiana First Circuit Court of Appeal rejected this claim on direct appeal from petitioner's habitual offender adjudication.  (*See* State rec., vol. 1, at 92-95).  The magistrate judge recommended that this claim be dismissed after finding that the trial court did not abuse its considerable sentencing discretion in sentencing petitioner to life in prison and that the life sentence was not impermissibly excessive under the Eighth Amendment.  Petitioner objects to the magistrate judge's recommendation on the ground that the trial court's articulated reasons for imposing a life sentence were mere boilerplate and

---

[2] In connection with this claim, petitioner also appears to claim that the availability of a responsive verdict of simple rape impermissibly placed him in double jeopardy.  The magistrate judge did not consider this claim, and the Court finds that it is wholly without merit.

were not specific reasons applicable to his particular case.

A state sentencing court is vested with broad discretion in determining an appropriate sentence, and federal courts will not review a state sentencing decision unless (i) the sentence imposed is in excess of the statutory limits or wholly unauthorized by law; (ii) the sentencing decision was wholly devoid of discretion or was an arbitrary and capricious abuse of discretion; or (iii) an error of law resulted in an improper exercise of discretion.  *See Haynes v. Butler*, 825 F.2d 921, 923-24 (5th Cir. 1987).  Petitioner has shown none of these circumstances here.  The sentencing court found that petitioner was a habitual offender convicted of a crime of violence (simple rape), and he was therefore subject by statute to a sentence of life imprisonment.  Moreover, contrary to petitioner's assertion, the sentencing court provided specific reasons to support its decision that petitioner should be sentenced to life in prison.  (*See* State rec., vol. 1, at 28-31).  Finally, petitioner has made no showing that his life sentence amounts to cruel and unusual punishment under the Eighth Amendment.  *See Lokyer v. Andrade*, 538 U.S. 63, 73-77 (2003).  Under these circumstances, the magistrate judge correctly found that the state appellate court did not err in upholding petitioner's life sentence.

**III. CONCLUSION**

For the reasons stated above, and for the additional reasons provided in the United States Magistrate Judge's April 25, 2005 report and recommendation, petitioner's *habeas* petition is DISMISSED with prejudice.

New Orleans, Louisiana, this  19th  day of January, 2006.

```
_____
         SARAH S. VANCE
   UNITED STATES DISTRICT JUDGE
```