UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LINTON JOSEPH HIGGINBOTHAM                CIVIL ACTION

VERSUS                                    NO: 04-2033

BURL CAIN                                 SECTION: R(5)

### ORDER

This matter is before the Court to determine whether a certificate of appealability should be issued on petitioner Linton Joseph Higginbotham's *habeas* claims under 28 U.S.C. § 2253 and Federal Rule of Appellate Procedure 22(b)(1).  For the following reasons, the Court finds that a certificate of appealability should not be issued.

**I.   BACKGROUND**

Petitioner Linton Joseph Higginbotham is a prisoner at the Louisiana State Penitentiary at Angola, Louisiana.  On June 30, 1999, petitioner was convicted in Louisiana state court of simple rape and simple kidnapping.  Petitioner filed a petition for *habeas corpus* relief in this Court on August 11, 2004.  The state conceded that the petition was timely and that petitioner had

exhausted his state remedies. On April 28, 2005, the United States Magistrate Judge issued a report and recommendation on petitioner's *habeas* claims. The magistrate judge considered the merits of petitioner's claims and recommended that the petition be dismissed with prejudice. Petitioner filed objections to the magistrate judge's report and recommendation, and by order and reasons dated January 19, 2006, the Court dismissed petitioner's claims with prejudice. Petitioner has filed a notice of appeal.

**II. DISCUSSION**

Under Federal Rule of Appellate Procedure 22(b)(1), when a state *habeas* petitioner files a notice of appeal, the district court that issued the judgment being appealed must "either issue a certificate of appealability or state why a certificate should not issue" and must send the certificate or statement to the court of appeals. Fed. R. Crim. P. 22(b)(1).

The Court may not issue a certificate of appealability here because petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). In *Miller-El v. Cockrell*, the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the

issues presented [are] adequate to deserve encouragement to proceed further." 537 U.S. 322, 336 (2003) (citations omitted).

In this case, petitioner asserts in his notice of appeal that the Court erred in its application of 28 U.S.C. § 2244(d)(1)(B) and (d)(2), which concern the limitations period applicable to section 2254 petitions.  But, as noted above, the state conceded that petitioner's claims in this action were timely, and this Court dismissed petitioner's claims on the merits, not on statute of limitations grounds.  Accordingly, petitioner's appeal is frivolous, and the Court will not issue a certificate of appealability.

New Orleans, Louisiana, this 23rd day of March, 2006.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE